Filed 9/26/14  P. v. White CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TERRANCE WHITE,<br><br>    Defendant and Appellant. | F066692<br><br>(Super. Ct. No. DF10844A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Larry A. Errea, Judge.

Carol Foster and Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P.J., Detjen, J. and Chittick, J.†

†       Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

On July 9, 2012, a criminal complaint was filed charging appellant Terrance White with possession of a weapon while in prison custody (Pen. Code, § 4502, subd. (a)).[1] The complaint also alleged that appellant had three prior serious felony convictions within the meaning of the three strikes law (§§ 667, subds. (c)-(j) & 1170.12, subds. (a)-(e)) and three prior prison term enhancements (§ 667.5, subd. (b)).

On August 20, 2012, appellant entered into a plea agreement. Appellant initialed and executed a felony advisement of rights, waiver, and plea form acknowledging and waiving his constitutional rights pursuant to *Boykin/Tahl*.[2] Appellant also acknowledged the consequences of his plea. In exchange for appellant's admission of the offense and one prior serious felony conviction, the remaining allegations would be dismissed. Under the plea agreement, the court would sentence appellant to a term of four years that would be doubled to eight years pursuant to the three strikes law.

During the change of plea hearing, defense counsel stated for the record that there had been a conference concerning the plea agreement in chambers. Because appellant was showing a decreasing level of violence, appellant's past history included the use of narcotics, and there had been a passage of 18 years since those past events, the trial court would exercise its discretion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The trial court asked appellant if he had an opportunity to review his constitutional rights and other advisements in the plea form. Appellant replied affirmatively.

The court asked appellant if any other promises had been made to him for his change of plea other than those set forth in the plea form. Appellant replied, "No." The court asked appellant if he had any questions to ask the court or his attorney. Appellant again replied, "No." Appellant indicated he was willing to waive his rights. Counsel for

---

[1]    Unless otherwise designated, all statutory references are to the Penal Code.

[2]    *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

both sides stipulated to a factual basis for the plea. Appellant pled no contest to a violation of section 4502, subdivision (a). Appellant admitted a prior serious felony conviction for section 215, subdivision (a) in Riverside County. One prior serious felony allegation was stricken and the other one was dismissed. The three prior prison term enhancements were also dismissed.

On December 6, 2012, appellant filed a motion to withdraw his plea. Appellant asserted that his trial counsel was not aware of all of the evidence supporting appellant's story. Appellant filed a declaration stating that during the proceedings, his trial counsel did not show him photographs of the item officers claimed was found on appellant and that appellant saw the photographs for the first time at his sentencing hearing when the attorney representing him that day asked the prosecutor for the photographs. Appellant did not believe his attorney had all of the information necessary to advise him of the consequences of going to trial.

On January 10, 2013, the trial court denied appellant's motion to withdraw his plea. Prior to sentencing, the court heard the statement of Dr. Nancy Arvold. Dr. Arvold was a psychologist who had known appellant for two years and told the court she believed appellant had turned his life around. According to Dr. Arvold, appellant studied psychological, philosophical, spiritual, and historical works. Appellant taught and was enrolled in a parallel correspondence course. The court thanked Dr. Arvold for her comments. The court noted the plea was a stipulated term and sentenced appellant to a term of four years doubled to eight years pursuant to the three strikes law. The court made appellant's sentence consecutive to the sentence he was serving for his felony conviction in Riverside County.

Appellant did not obtain a certificate of probable cause. Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

**FACTS**

At 6:11 p.m., on December 26, 2011, correctional officers were supervising the feeding of inmates in Facility B of the North Kern State Prison. The officers observed appellant and Tony Neal attempting to strike each other with their fists in the upper body and face. Both inmates were ordered into a prone position and both complied with the order. Both inmates were handcuffed. Officers found an inmate-manufactured stabbing weapon on appellant's person. The weapon was approximately four inches long by one-half inch in width and one-quarter inch thick. The weapon was fashioned from a brown state-issued spoon sharpened to a point on one end, with a state-issued sheet wrapped around the other end to form a handle.

**APPELLATE COURT REVIEW**

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on July 19, 2013, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

**DISPOSITION**

The judgment is affirmed.